IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| WILLIAM & DESIREE COTHREN, husband and wife, and the marital community composed thereof, | ) ) ) ) | Case Number: |
| Plaintiffs, | ) ) | COMPLAINT |
| v. | ) ) | |
| FIA CARD SERVICES, N.A., FRED-ERICK J. HANNA & ASSOCIATES, P.C., MIKE ALEXANDER, MIKE CAMPBELL, MRS. MaCARTHA, and WILLIAM J. LAU, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## I.   INTRODUCTION

1.   This is an action for statutory damages brought by individual consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and under Wash. Rev. Code §§ 19.86, *et seq.* (2008), the Washington Consumer Protection Act for unfair or deceptive acts or practices (CPA), when defendants were attempting to collect three defaulted Bank of America credit card debts.

## II.   JURISDICTION

2.   Jurisdiction of this Court arises under 15. U.S.C. §

COMPLAINT - 1/10

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360)671-2990
E-MAIL: sturde@openaccess.org

1692k(d) and 28 U.S.C. § 1331.  The jurisdiction for the CPA

claim is based on this Court's supplemental jurisdiction.

Venue is based on 28 U.S.C. § 1391(b)(2), for the plaintiffs,

William and Desiree Cothren, lived in Skagit County,

Washington, when the defendants contacted them at their home

in Burlington, Washington, and contacted Mr. Cothren at his

employer in Burlington, Washington.

### III.  PARTIES

3.  Plaintiffs, William and Desiree Cothren, are adults,

husband and wife, and a marital community under the laws of

the State of Washington.  At the time of the lawsuit

described herein they were residents of Skagit County,

Washington, and they continue to reside in Skagit County,

Washington.  They are consumers as defined in 15 U.S.C. §

1692a(3).

4.  At all relevant times, defendant Frederick J. Hanna

& Associates, P.C. (Hanna) was a Georgia State profit

corporation with its offices in Marietta, Georgia.  Defendant

Mike Campbell (Campbell) works for Hanna.  Defendant Mike

Alexander (Alexander) works for Hanna.  Defendant Mrs.

MaCartha (MaCartha) works for Hanna.  Defendant William J.

Lau (Lau) works for Hanna.  FIA Card Services, N.A. (FIA) is

apparently a bank registered in the State of Delaware.  On

information and belief, Bank of America assigned plaintiffs'

COMPLAINT - 2/10

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

three credit card accounts to FIA after the plaintiffs
defaulted on them.  Each is a debt collector as defined by
15 U.S.C. § 1692a(6).  They all regularly use the mails and
telephone to collect debts alleged to be due another.

### IV.  FACTUAL ALLEGATIONS

#### DEBTS

5.   The plaintiffs defaulted on three credit card debts
to Bank of America.  The name of Bank of America was the only
name on the credit card statements.  On information and
belief, Bank of America assigned these three credit card
accounts to FIA after they had defaulted on them.  These
debts were consumer debts as defined in 15 U.S.C. §
1692a(5).

#### FIRST LETTER

6.   During early April, 2008, plaintiffs received a
letter from defendant, Hanna, dated April 3, 2008, which was
mailed on April 4, 2008.  The letter stated that Hanna was
collecting a debt for FIA.  This letter was the first time
they had ever heard of FIA.  They had never heard of FIA
before or had any contacts with it.  They received the letter
on or about April 7, 2008.

#### ILLEGAL THIRD PARTY COMMUNICATIONS

7.   Several days after they received the letter, April 9
or 10, 2008, they started to received telephone messages from

COMPLAINT - 3/10

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

Hanna.  They did not answer the telephone messages.  Hanna then on or about April 16, and 17, 2008, made several telephone calls to Mr. Cothren's sister and mother.  On April 18, 2008, Mrs. Brown of Hanna called Kristina Johnson, Mr. Cothren's work supervisor, and asked to talk to Mr. Cothren.  She refused to bring him to the telephone.  Mrs. Brown told her that Mr. Cothren had a summons to answer to.  These telephone calls violated 15 U.S.C. §§ 1692c(b) and 1692f for Hanna knew Mr. Cothren's location information.  In addition, the use of the word summons in the telephone call to Mr. Cothren's supervisor, Kristina Johnson, was a false, deceptive and misleading representation about the debts and violated 15 U.S.C. §§ 1692e, 1692e(2)(A) (Legal Status of debt), and 1692e(10) (Use of false representation or deceptive means to collect any debt), for Hanna had filed no lawsuit.

TELEPHONE CALLS TO MR. COTHREN

8.  The embarrassing and illegal telephone calls and statements to Mr. Cothren's sister and his employer had the desired effect.  Mr. Cothren took a telephone call from Campbell on or about April 18, 2008.  The telephone call lasted some time.  Campbell urged Mr. Cothren to borrow the money to pay the debts.  He did not borrow the money.

9.  Mr. Cothren then took a considerably longer telephone

COMPLAINT - 4/10

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

call on April 28, 2008, from MaCartha. During the telephone call, she belittled, berated and vilified him. He told her not to call him at work.

### PLAINTIFF HIRES ATTORNEY

10. Mr. Cothren then consulted an attorney, James Sturdevant (Sturdevant), on April 29, 2008. He also received two other telephone messages from MaCartha on April 29, and April 30, 2008.

11. On May 2, 2008, Sturdevant wrote Hanna a letter (Letter). Hanna received the letter on May 5, 2008. A true and correct copy of the letter is attached marked Exhibit A.

### FURTHER TELEPHONE CALLS AND LETTERS TO PLAINTIFFS

12. In spite of its receipt of the letter on May 5, 2008, Alexander called Mr. Cothren on the same day. The telephone call was not too long. Mr. Cothren entered an agreement to pay off the three credit card debts. This telephone call after defendant had received the letter violated 15 U.S.C. § 1692c(a)(2) for it had received notice that plaintiffs were represented by an attorney. It violated 15 U.S.C. § 1692g(b) for it was collection activity when defendants had never verified the debt although plaintiff had requested verification. It also violated 15 U.S.C. § 1692f.

13. Hanna, in spite of the letter, called Mr. Cothren again on May 5, 2008, and May 6, 2008, and left no messages.

COMPLAINT - 5/10

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

On May 6, 2008, MaCartha and Alexander called him and left messages.  On May 7, 2008, Hanna called twice and left no messages.  These telephone calls after defendant had received the letter violated 15 U.S.C. § 1692c(a)(2) for it had received notice that plaintiffs were represented by an attorney.  These telephone calls violated 15 U.S.C. § 1692g(b) for they were collection activity when defendants had never verified the debt, although plaintiff had requested verification.  They also violated 15 U.S.C. § 1692f.

TELEPHONE CALLS AT WORK

14.  On May 7, 2008, MaCartha called Mr. Cothren at work.  He told her again she was not to call him at work.  Alexander then called him at work on the same day.  Mr. Cothren again told him not to call him at work.  These telephone calls after defendant had received the letter violated 15 U.S.C. § 1692c(a)(2) for it had received notice that plaintiffs were represented by an attorney.  They violated 15 U.S.C. § 1692g(b) for they were collection activity when defendants had never verified the debt, although plaintiff had requested verification.  They also violated 15 U.S.C. § 1692f.  These telephone calls after defendant had requested plaintiff not to call him at work violated 15 U.S.C. § 1692c(a)(3) for it had received notice that plaintiffs were represented by an attorney.  It also

COMPLAINT - 6/10

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

violated 15 U.S.C. § 1692f.

15. Campbell called Mr. Cothren on May 8, 2008. He received two additional telephone calls from Hanna on May 9 & May 10, 2008, which left no messages. These telephone calls after defendant had received the letter violated 15 U.S.C. § 1692c(a)(2) for it had received notice that plaintiffs were represented by an attorney. These telephone calls violated 15 U.S.C. § 1692g(b) for they were collection activity when defendants had never verified the debt, although plaintiff had requested verification. They also violated 15 U.S.C. § 1692f.

### FURTHER LETTERS FROM HANNA

16. Plaintiffs received four more letters from Hanna. Three were dated May 5, 2008, but were post marked May 9, 2008 and the fourth was dated June 4, 2008, and post marked June 11, 2008. They were signed by defendant, Lau. These letters after defendant had received the letter violated 15 U.S.C. § 1692c(a)(2) for it had received notice that plaintiffs were represented by an attorney. It violated 15 U.S.C. § 1692g(b) for it was collection activity when defendants had never verified the debt, although plaintiff had requested verification. It also violated 15 U.S.C. § 1692f.

### SUMMARY

COMPLAINT - 7/10

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360)671-2990
E-MAIL: sturde@openaccess.org

17.   Plaintiffs have suffered actual damages as a result of all of these Defendants' illegal collection communications in the form of embarrassment, relationship stress, anger, anxiety, emotional distress, fear, humiliation, and frustration among other negative emotions, as well as suffering from unjustified and abusive invasion of personal privacy at plaintiff's place of work.

18.   These invasions occurred even after the Cothrens, through their attorney, had asked for the verification of the debts.

19.   Defendants' violations of the FDCPA also violated Wash. Rev. Code 19.86.010 and .020.   They thus under Wash. Rev. Code § 19.86.090 (2008) are entitled to judgment for their actual damages, treble damages, costs and attorney's fees under Wash. Rev. Code  § 19.86.090 (2008) against defendants.

## V.   CAUSES OF ACTION

Fair Debt Collection Practices Act   15 U.S.C. § 1692

20.   Plaintiffs reallege all preceding paragraphs of the complaint and incorporate them herein by this reference.

21.   The foregoing acts and omissions of each and every Defendant on or after May 5, 2008, constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provision of the

COMPLAINT - 8/10

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

FDCPA, 15 U.S.C. § 1692 et seq.

22.    As a result of each and every Defendants' violation of the FDCPA, Plaintiffs are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant herein.

Washington Consumer Protection Act - RCW 19.86

23.    All of the violations of the FDCPA are also violations of the Washington Consumer Protection Act RCW 19.86.010 & .020 and they are entitled to judgment for their actual damages, treble damages, costs and attorney's fees under Wash. Rev. Code § 19.86.090 (2008) against defendants.

## VI.    PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray this Court that judgment be entered against each and every defendant as follows:

A.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every defendant on behalf of both plaintiffs.

B.    Actual damages under 15 U.S.C. § 1692k(a)(1) against each and every defendant.

C.    For an award of costs of litigation and reasonable

COMPLAINT - 9/10

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against

each and every defendant.

    D.   Under Wash. Rev. Code § 19.86.090 (2008), actual

damages, treble damages, costs and attorney's fees defendants.

**VII.   JURY DEMAND**

    Plaintiffs hereby demand that this cause be tried by a

jury.


    Dated this _____ day of May, 2009.


                    /S/ James Sturdevant
                    James Sturdevant #8016
                    Attorney for Plaintiffs
                    119 N. Commercial St. #310
                    Bellingham, WA 98225
                    1360-671-2990
                    sturde@openaccess.org

COMPLAINT - 10/10

JAMES STURDEVANT
ATTORNEY AT LAW

BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 NORTH COMMERCIAL
BELLINGHAM, WASHINGTON 98225

TELEPHONE 671-2990
AREA CODE 360

CERTIFIED MAIL RETURN RECEIPT REQUESTED AND REGULAR 1ST CLASS
MAIL

May 2, 2008

Frederick J. Hanna & Associates, P.C.
1427 Roswell Road
Marietta, GA 30062

Re:  My Client:  William A. Cothren
     Creditor:  FIA Card Services, N.A.
     Account No. 488893613820357
     Balance Due:  $2,868.32
     File No.:  08107181


Dear Sir:

Mr. Cothren has asked me to assist him with the debt above.
If you want to contact me, write me.  I will not accept
telephone calls from you.

Mr. Cothren disputes the debt and asks you to verify it.

You must CEASE and DESIST all your efforts to collect on the
above referenced account and debt.

You are hereby instructed to cease collection efforts
immediately in any way, shape or form.  This request includes
phone calls, letters, faxes, third party contacts, internet,
calling Mr. Cothren's place of employment, and contacting his
friends, neighbors or family members.

Do NOT call him, write him, contact his relatives, friends or
work place in any way after you receive this letter.

GIVE THIS LETTER THE IMMEDIATE ATTENTION IT DESERVES.

Exhibit "A"

080502LetHanna;
Cothren; Page 2/2:

With best regards,

Yours very truly,

James Sturdevant

cc:  William Cothren
JS:ah